**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZAINAB B. ZE. MALIK, | : | |
| | : | Civil Action |
| Plaintiff, | : | 09-6316 (JBS) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MICHELLE COLEMAN, | : | |
| | : | |
| Defendant. | : | |

**SIMANDLE**, District Judge:

Plaintiff seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Plaintiff submitted his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his Complaint, which named Plaintiff's public defender (in Plaintiff's criminal case) as the sole Defendant in this matter. Plaintiff's Complaint challenges the adequacy of Defendant's services in her capacity as Plaintiff's legal counsel.

Plaintiff's application to proceed in this matter in forma pauperis will be granted, and the Court will direct the Clerk to file the Complaint. For the reasons stated below, Plaintiff's Complaint will be dismissed; such dismissal will be with prejudice.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of

state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

Hence, to recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson

Oil Co., 457 U.S. 922, 937 (1982).  For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state.[1]  See, e.g., Johnson v. Kafrissen, 1995

---

[1] The only exception lies if a defense counsel conspires with the prosecution.  However, for a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right.  See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist).  Plaintiff, however, does not assert that his counsel conspired with the prosecutors.   Rather, Plaintiff's Complaint asserts that

U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). Therefore, Plaintiff's claims against Defendant are subject to dismissal for failure to satisfy the color of law requirement.

Finally, since the Complaint makes no other claims against Defendant except Plaintiff's challenges as to the adequacy of Plaintiff's legal representation by Defendant, grant of leave to amend Plaintiff's Complaint appears futile, since Plaintiff would not be able to amend his claims to meet the color of law requirement. Consequently, the Court is constrained to dismiss Plaintiff's Complaint with prejudice.

## **CONCLUSION**

The Court will grant Plaintiff's application to file the Complaint in forma pauperis and will dismiss the complaint with prejudice.

An appropriate order accompanies this Opinion.


                                  s/ Jerome B. Simandle
                                    Jerome B. Simandle
                              United States District Judge

Dated:    **March 4, 2010**

---

Plaintiff's counsel provided his a substandard representation.